FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

MAR 2 5 2008

JAMES N. HATTEN, Clerk
By /s/ Sewell
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOSEPH L. MEADOWS, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| FULTON COUNTY JAIL, | : | CIVIL ACTION NO. |
| JOHNSON CONTROLS, | : | 1:08-CV-0744-TWT |
| Defendants. | : | |

## ORDER and OPINION

Joseph L. Meadows, an inmate at the Fulton County Jail, has submitted the instant pro se 42 U.S.C. § 1983 civil rights action without prepayment of the filing fee and seeks to proceed in forma pauperis. (Doc. Nos. 1, 2.) For the purpose of dismissal, Plaintiff is **GRANTED** in forma pauperis status, and the matter is now before the Court for screening under 28 U.S.C. § 1915A.

**I.     28 U.S.C. § 1915A Frivolity Review**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who

is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read

AO 72A
(Rev.8/82)

into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992). See also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal"); Mun. Utils. Bd. of Albertville v. Ala. Power Co., 934 F.2d 1493, 1501 (11th Cir. 1991) (holding that, although the facts "need not be spelled out with exactitude," notice pleading requires a plaintiff to plead facts sufficient to identify "each element of the alleged . . . violation").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003). See also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

3

## II. Discussion

Plaintiff brings this action against the Fulton County Jail and the Johnson Controls maintenance staff. (Doc. No. 1 ¶ III.) Plaintiff complains of mold growing in or on the showers, cells, ceilings, and ventilation vents. (Id. ¶ IV.) Plaintiff alleges no specific harm to himself, but states that the mold violates his constitutional rights and seeks injunctive relief and five million dollars in damages. (Id. ¶ V.)

The Eighth Amendment prohibits deliberate indifference to prison conditions that deprive an inmate of essential human needs such as food, clothing, shelter, medical care, and reasonable safety. DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200. While the Eighth Amendment does not mandate that prisons be comfortable, neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In prison-conditions cases, the conditions alleged must be so severe that they result in "unquestioned and serious deprivation of basic human needs," depriving an inmate "of the minimal civilized measure of life's necessities. . . . [C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." See Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981). Further, constitutionally acceptable prison conditions generally require that an inmate not be exposed to contaminants in a manner that

4

subjects the inmate to a substantial risk of serious harm. <u>Farmer</u>, 511 U.S. at 834; <u>see also</u> <u>Helling v. McKinney</u>, 509 U.S. 25, 35 (1993) (involving exposure to tobacco smoke). To state an Eighth-Amendment prison-conditions claim, the plaintiff must allege (1) that he or she is "incarcerated under conditions posing a substantial risk of serious harm" and (2) deliberate indifference by the defendant prison official. <u>Farmer</u>, 511 U.S. at 834.

Thus, Plaintiff has an Eighth Amendment right that he not be exposed to contaminants that subject him to an unreasonable risk of substantial harm. However, even if Plaintiff's allegations concerning the presence of mold are true, absent any concrete factual claim showing that he is at substantial risk of serious harm,[1] a

---

[1] The Centers for Disease Control and Prevention state that moldy environments may or may not cause health effects, persons sensitive to molds may experience things such as nasal stuffiness or throat irritation, persons with mold allergies may experience more severe reactions, and persons who are immune-compromised or have chronic lung illnesses could experience a serious lung infection. It stated that links to "other adverse health effects, such as acute idiopathic pulmonary hemorrhage among infants, memory loss, or lethargy . . . has not been proven." www.cdc.gov at Environmental Health, Mold, Fact Sheet. Plaintiff alleges nothing to indicate that he is a person who might experience a severe or serious reaction.

5

reasonable fact finder could not conclude that relief under the Eighth Amendment is warranted. Accordingly, Plaintiff fails to state a claim.

## III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that this action is **DISMISSED**, pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED** this 24 day of March, 2008.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

6